UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Daniel Moriarty,
     Claimant

     v.                                  Civil No. 07-cv-342-SM
                                             Opinion No. 2009 DNH 044
Michael J. Astrue, Commissioner,
Social Security Administration,
     Respondent

**O R D E R**

By prior order, the court vacated the Commissioner's denial of Daniel Moriarty's application for Social Security Disability Benefits and remanded the case for further proceedings (document no. 15) (the "August Order").  Mr. Moriarty now moves for an award of attorney's fees and costs under the Equal Access to Justice Act.  The Commissioner opposes claimant's motion for fees on grounds that the government's litigation position and agency action in this case were both "substantially justified" within the meaning of the EAJA.

For the reasons set forth below, claimant's motion for an award of attorney's fees is denied.

### Standard of Review

The Equal Access to Justice Act ("EAJA") provides, in pertinent part, that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, <u>unless the court finds that the position of the United States was substantially justified</u> or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (emphasis supplied).  The EAJA is unlike typical fee-shifting statutes, which generally authorize an award of costs and/or reasonable attorney's fees to a "prevailing party."  Instead, to recover fees under the EAJA, a party must not only prevail, but the court must also conclude that the government's position was not substantially justified. See <u>McDonald v. Secretary of Health & Human Services</u>, 884 F.2d 1468, 1469-70 (1st Cir. 1989) ("Under EAJA, . . . the government must foot the legal bills of its adversaries . . . only if the adversaries 'prevail' and if the government's position is not 'substantially justified.'").

Under the EAJA, the "government's position" in this case includes not only the Commissioner's arguments before this court, but also the conduct of both the administrative law judge ("ALJ")

2

in denying claimant's application for benefits and the Appeals
Council's decision to decline review.  See 28 U.S.C. §
2412(d)(2)(D) ("'position of the United States' means, in
addition to the position taken by the United States in the civil
action, the action or failure to act by the agency upon which the
civil action is based.").  See also Cummings v. Sullivan, 950
F.2d 492, 497 (7th Cir. 1991); Brunel v. Commissioner, Social
Sec. Admin., 2000 WL 1815946, 2 (1st Cir. 2000).


In opposing a party's request for fees under the EAJA, the
government bears the burden of demonstrating that its position
was substantially justified.  See, e.g., Scarborough v. Principi,
541 U.S. 401, 414 (2004) ("The burden of establishing 'that the
position of the United States was substantially justified,'
§ 2412(d)(1)(A) indicates and courts uniformly have recognized,
must be shouldered by the Government.").  See also McDonald, 884
F.2d at 1475.  The Supreme Court has explained that the
government carries its burden by demonstrating that its position
had "a reasonable basis in law and fact" and was justified "to a
degree that could satisfy a reasonable person." Pierce v.
Underwood, 487 U.S. 552, 565 and 566 n.2 (1988).  In other words,
the government's position will be considered "substantially
justified" if "reasonable people could differ as to the

appropriateness of the contested action." <u>Id</u>. at 565 (citation
and internal punctuation omitted).

## Background

For the reasons discussed more fully in the court's prior
opinion, this case presented an especially difficult fact pattern
for the ALJ.  Claimant served in the military from 1968 to 1970
and is a veteran of the Vietnam War.  He currently suffers from
post-traumatic stress disorder ("PTSD") and its chronic symptoms,
including anxiety, depression, sleep disturbances, flashbacks,
social isolation, and panic attacks.  Unfortunately, however,
there are no medical records documenting his illness prior to his
date last insured, which was nearly 20 years ago (September 30,
1979).  Accordingly, the ALJ concluded that "the objective
medical evidence contained in the record does not establish the
existence of a medically determinable impairment through the date
last insured that could have reasonably been expected to produce
the claimant's symptoms."  Administrative Record at 19-20.  Given
that finding, the ALJ determined that claimant was not disabled,
as that term is defined in the Act.

In granting claimant's motion to remand this matter for
further proceedings, the court noted that the ALJ correctly
recognized that objective medical evidence is necessary to

4

establish the <u>existence</u> of a disabling impairment.  But, the
court went on to note that if a claimant is found to suffer from
a disabling impairment, objective medical evidence, while
preferred, is not essential to resolving the <u>onset</u> <u>date</u> of that
disability.  The court then held that in cases such as this:

> The first step in the inquiry is to determine whether
> claimant is <u>currently</u> disabled.  If so, the next step
> is to determine the onset date of that disability.
> And, critically, the absence of medical evidence prior
> to the expiration of claimant's insured status is not
> dispositive of his assertion that he suffered from a
> disabling mental impairment during that period.

August Order at 16 (emphasis in original).  In support of its
holding, the court relied upon the provisions of Social Security
Ruling 83-20, entitled "Titles II and XVI: Onset of Disability."
That SSR provides, among other things, that when medical records
establishing a claimant's onset date are lacking and that date
must be inferred, the ALJ "should call on the services of a
medical advisor."  <u>Id</u>., 1983 WL 31249 at *3.  The court also
pointed out that another judge on this court (Barbadoro, J.) had,
only a week earlier, reached a similar interpretation of SSR 83-
20.  August Order at 18-19 (citing <u>Ryan v. Commissioner, Social
Sec. Admin.</u>, 2008 DNH 148 (D.N.H. Aug. 21. 2008)).

## Discussion

As noted above, to defeat claimant's request for attorney's fees under the EAJA, the government bears the burden of demonstrating that its position was substantially justified. As the Supreme Court has held, that burden is not particularly onerous: the government need not show that its position was "justified to a high degree." Pierce, 487 U.S. at 565. Instead, it need only demonstrate that its position was "justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." Id. In this case, the government has met that burden.

Specifically, the government has demonstrated that there is a substantial divergence of opinion concerning the proper interpretation of SSR 83–20 and the circumstances under which an ALJ is obligated to call a medical advisor to assist in determining a claimant's onset of disability date. Compare Nix v. Barnhart, 160 Fed. Appx. 393, 2005 WL 3505246 (5th Cir. Dec. 23, 2005) (holding that, absent an ALJ's finding of disability, there is no need to infer an onset date and, therefore, SSR 83–20 does not apply); Key v. Callahan, 109 F.3d 270, 274 (6th Cir. 1997) (same); Webb v. Sec'y of Health & Human Services, 1994 WL 50459 (10th Cir. Feb. 22, 1994) (same) with Bailey v. Chater, 68 F.3d 75, 79 (4th Cir. 1995) (holding that when evidence of onset

6

is ambiguous, SSR 83-20 requires the ALJ to consult a medical
consultant); Grebenick v. Chater, 121 F.3d 1193, 1201 (8th Cir.
1997) (same).


     This court remains persuaded that SSR 83-20 obligated the
ALJ to: (1) determine whether claimant was disabled as of his
application date; and, if so, (2) then determine the onset date
of that disability by, if appropriate, calling upon a medical
advisor.  See August Order at 15-16.  See also Ryan, 2008 DNH
148, at 18-19.  Nevertheless, the Court of Appeals for the First
Circuit has yet to address this issue and the "correct"
interpretation of SSR 83-20 was plainly open to reasonable
debate.  That point is unmistakably illustrated by the cases
cited above, as well as those cited in the government's
objection.


     Given the ongoing debate concerning the proper
interpretation of SSR 83-20 and the obligations its imposes on
ALJs, this court is compelled to conclude that the government's
position in this case was substantially justified.  In short, it
is plain that reasonable minds could have (and did) differ as to
the meaning of SSR 83-20.  And, that debate extended to whether
the ALJ in this case should have called upon the services of a
medical consultant to determine the onset date of claimant's

(alleged) disability when the case was before the
Administration.[1]  Consequently, claimant is not entitled to an
award of attorney's fees under the EAJA in this case.  <u>See, e.g.</u>,
<u>Kelly v. Astrue</u>, 2007 WL 4206169 (D.Me. Nov. 28, 2007) (denying
Social Security claimant's request for fees under circumstances
very similar to those presented in this case).

### Conclusion

In light of the foregoing, the court concludes that the
Commissioner has carried his burden of demonstrating that his
position throughout this process was "substantially justified."
<u>See</u> 28 U.S.C. § 2412.  As a result, claimant is not entitled to
an award of reasonable attorney's fees and his initial request
for fees (document no. 18), as well as his supplemental request
for fees (document no. 23) are denied.

The Clerk of Court shall enter an amended judgment in
accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

March 31, 2009

---

[1]     In its August Order, the court specifically stated that
it was not ruling on whether claimant is currently disabled.  <u>Id</u>.
at 2-3.

```
cc:  Raymond J. Kelly, Esq.
     T. David Plourde, Esq.
```