UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Daniel Moriarty,
    Plaintiff

    v.                                          Civil No. 07-cv-342-SM
                                                Opinion No. 2010 DNH 055
Michael Astrue, Commissioner,
Social Security Administration,
    Defendant

**O R D E R**

Pending before the court is claimant's motion seeking approval of a contingent fee agreement, under the terms of which his attorney, Raymond J. Kelly, would be paid $19,438.60, representing twenty-five percent of claimant's award of past-due benefits.  See generally 42 U.S.C. § 406(b).  That motion is granted.

**Discussion**

This Social Security benefits case involved both unresolved (at least in this circuit) questions of law and difficult issues of proof.  Claimant, Daniel Moriarty, is a veteran of the Vietnam War who served in the military from 1968 to 1970.  Among other things, he acted as an infantry point-man for approximately six months, and was highly decorated for his military service. Although the precise onset date of his illness was unclear (and was at the core of this matter), the record amply demonstrates

that he currently suffers from post-traumatic stress disorder ("PTSD") and its chronic symptoms, including anxiety, depression, nightmares and sleep disturbances, flashbacks, social isolation, recurrent recollections of traumatic events, and panic attacks. In fact, the Veterans Administration recognizes that he suffers from a 100 percent service-related disability.

Beginning in approximately 1993, Moriarty began seeking Social Security Disability benefits. The problem he faced was this: notwithstanding his assertion that his mental impairments became disabling on or before September 30, 1979 (his date last insured), and despite the retrospective diagnosis offered by his treating psychiatrist that he was disabled by reason of his PTSD by 1979 and possibly as early as 1976, there were no medical records or laboratory findings from the relevant period to support such a finding. Accordingly, in May of 2007, an administrative law judge ("ALJ") concluded that Mr. Moriarty was not disabled, as that term is defined in the Social Security Act, at any time through the expiration of his insured status.

Moriarty appealed that decision and, in September of 2008, the court vacated the Commissioner's denial of benefits and remanded the matter to the ALJ for further consideration. A new hearing was held before an ALJ and, in September of 2009, a

decision issued establishing January 1, 1979, as the onset of Moriarty's disability - prior to his date last insured.  As a result, Mr. Moriarty was entitled to receive more than $77,000 in retroactive benefits.  Consistent with the parties' written contingent fee agreement, Moriarty's counsel now seeks an award of attorney's fees totaling $19,438.60, which represents twenty-five percent (25%) of Moriarty's past-due benefits.  Moriarty does not object.

Although the government does not specifically object to Attorney Kelly's fee request, it does suggest that his request for fees is too high and "urges the court to consider the nature of this case along with the representation provided by Mr. Kelly in determining whether the attorney fee request, while within the past-due-benefits-limit, is reasonable for the services provided."  Defendant's Response (document no. 27) at 6.  Applying the analysis suggested by the government, it is plain that Attorney Kelly's request for fees is reasonable.

When presented with requests for approval of contingent fee awards in Social Security cases, this court is obligated to review such fee requests for reasonableness.  See Gisbrecht v. Barnhart, 535 U.S. 789, 808-09 (2002).  Factors the court should consider include the complexity of the case, the risk assumed by

counsel in agreeing to represent the claimant, the quality of legal work provided by counsel, the amount of time he or she devoted to the case, the nature of the outcome, and whether the fees requested by counsel would represent a windfall.  See Id. at 808.  In this case, the government acknowledges that all the relevant factors weigh in favor of granting the fee request, save one: whether the requested fee would represent a windfall to Attorney Kelly.

Noting that the Court of Appeals for the First Circuit has yet to define "windfall" in the context of a request for fees under § 406(b), the government urges the court to adopt a standard articulated by the Court of Appeals for the Sixth Circuit.  That court has held:

> [A] windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market.

Hayes v. Sec'y of Health & Human Serv., 923 F.2d 418, 422 (6th Cir. 1990) (footnote omitted).

Here, Attorney Kelly and Mr. Moriarty entered into a written contingent fee agreement which provided that, under the circumstances now prevailing in this case, Attorney Kelly would

4

be entitled to fees totaling 25% of Moriarty's award of past-due benefits, as compensation for his legal work.  And, Attorney Kelly has submitted to the court affidavits attesting to the fact that the "standard rate for such work in the relevant market," Hayes, 923 F.2d at 422, is $250-$300 per hour.  Finally, Attorney Kelly has submitted an affidavit in which he attests that he spent 44.35 hours on this case.  The government does not dispute any of the foregoing.[1]

Even applying the formula urged by the government, Attorney Kelly's request for $19,438.60 is reasonable.  Assuming a reasonable hourly rate of $250 (the low end of the estimates provided) and multiplying that figure by the 44.35 hours Attorney Kelly devoted to this case yields a figure of $11,087.50.  Twice that figure is more than $22,000.00.  Attorney Kelly's request for $19,438.60 is, undeniably, less than that amount and, under the formula urged by the government, it is certainly not a windfall.  In fact, under the circumstances presented in this case, Attorney Kelly's fee request is entirely reasonable.

---

[1] In his affidavit, Attorney Kelly notes that the roughly 44 hours of time documented in his filings represents the time he devoted to this matter in federal court.  He apparently spent an additional 40 hours of time on this matter at the administrative level (e.g., administrative hearings, Appeals Council review). See Affidavit of Raymond J. Kelly, Esq. (document no. 26-5) at para. 4.

In agreeing to represent Mr. Moriarty in his effort to obtain Social Security disability benefits, Attorney Kelly assumed a fairly substantial risk (particularly given the difficulty proving Mr. Moriarty's onset date and the unresolved questions of law at issue in this case).  Attorney Kelly also engaged in a substantial amount of work and obtained excellent results.  His request for fees representing 25% of Mr. Moriarty's award of past-due benefits is both reasonable and the product of a freely negotiated contingent fee agreement.  There is no reason to disturb that agreement.

## Conclusion

Accordingly, for the reasons set forth above, as well as those set forth in claimant's legal memorandum, claimant's motion for fees pursuant to 42 U.S.C. § 406(b), in the amount of $19,439.60, (document no. 26) is granted.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

April 1, 2010

cc:  Raymond J. Kelly, Esq.
     T. David Plourde, Esq.